**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-6533**

DANIEL RODRIGUEZ,

Petitioner - Appellant,

v.

WARDEN STREEVAL,

Respondent - Appellee.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Elizabeth Kay Dillon, District Judge.  (7:21-cv-00029-EKD-JCH)

Submitted:  October 14, 2021                    Decided:  October 18, 2021

Before DIAZ and QUATTLEBAUM, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Daniel Rodriguez, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Rodriguez, a federal prisoner, appeals the district court's order dismissing without prejudice Rodriguez's 28 U.S.C. § 2241 petition in which Rodriguez sought to challenge his 18 U.S.C. § 924(c) conviction and sentence by way of the savings clause in 28 U.S.C. § 2255. Pursuant to § 2255(e), a prisoner may challenge his conviction in a traditional writ of habeas corpus pursuant to § 2241 if a § 2255 motion would be inadequate or ineffective to test the legality of his detention.

> [Section] 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).[*]

We have reviewed the record and find no reversible error. Accordingly, we affirm the district court's order. *Rodriguez v. Streeval*, No. 7:21-cv-00029-EKD-JCH (W.D. Va. Mar. 26, 2021). We dispense with oral argument because the facts and legal contentions

---

[*] Insofar as both Rodriguez and the district court addressed our test in *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000) (outlining circumstances in which § 2255 is inadequate or ineffective to test the legality of a conviction), we conclude that *Jones* has no application to Rodriguez's claim. *See Dean v. United States*, 137 S. Ct. 1170, 1176-78 (2017) (holding that sentencing court may "consider a sentence imposed under § 924(c) when calculating a just sentence for the predicate count").

are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*